**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**NATASHA FS BONCOMPAGNI,**

**Plaintiff,**

**v.** **Case No. 26-CV-1027**

**VILLAGE OF ELM GROVE,**
**et al.,**

**Defendants.**

---

**ORDER**

---

On June 8, 2026, Natasha FS Boncompagni filed a *pro se* complaint against the Village of Elm Grove, Officer Samuel Fisher, Officer Hannah Martin, Detective Sean Lenardic, Assistant Chief of Police Ryan Unger, and Chief of Police Jason Kubiak alleging violations of her constitutional rights under 42 U.S.C. § 1983. (Docket # 1.) On July 15, 2026, an answer was filed on behalf of the defendants. (Docket # 7.) In Defendants' answer, they asserted lack of personal jurisdiction, insufficient service of process, and insufficient process as an affirmative defense as to defendants Fisher and Kubiak. (*Id.* at 12, ¶ 10.)

On August 6, 2026, Boncompagni, through counsel, filed an amended complaint against the same six defendants. (Docket # 15.) Defendants answered the amended complaint on August 20, 2026, against asserting as an affirmative defense lack of personal jurisdiction, insufficient service of process, and insufficient process as an affirmative defense as to defendants Fisher and Kubiak. (*Id.* at 19, ¶ 10.) Boncompagni's counsel was subsequently permitted to withdraw on September 1, 2026.

Boncompagni filed a *pro se* motion on August 27, 2026, requesting to withdraw the amended complaint (Docket # 20) and to extend time to serve the complaint (Docket # 23). A status conference with the parties was held on September 3, 2026. Boncompagni appeared *pro se* at the hearing. Boncompagni stated that she wished to withdraw the amended complaint and proceed with her original complaint filed on June 8, 2026. This motion was granted and Boncompagni was advised that this original complaint (Docket # 1), is now the operative complaint in this case. Once again, two defendants—Fisher and Kubiak—still have not been served in this matter.

As to the other four defendants, however,—the Village of Elm Grove, Martin, Lenardic, and Unger—they were served with the complaint on June 24, 2026, June 25, 2026, June 24, 2026, and June 25, 2026, respectively. (Docket # 9; Docket # 10; Docket # 11; Docket # 12.) Boncompagni, though counsel, filed declarations of personal service confirming the same. (*Id.*) While Boncompagni seems under the impression that Defendants are challenging service as to these four defendants (Docket # 24), it appears from their answer that they are preserving the affirmative defense of insufficient service *only* as to the two defendants who have yet been served.

Although the clerk's office provides standard forms to assist *pro se* litigants, service is not ineffective simply because a different form was used than AO 440. Boncompagni points to Fed. R. Civ. P. 4(l)(1), which provides that proof of service "must be by the server's affidavit" in support of her contention that service was insufficient. (Docket # 23 at 2.) However, 28 U.S.C. § 1746 provides that "[w]herever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn . . .

affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated. . . ." The declarations of service each swear under penalty of perjury that the statements are true and correct. Thus, they are sufficient proof of service. In other words, Defendants Village of Elm Grove, Martin, Lenardic, and Unger need not be re-served with the complaint.

Once again, Fisher and Kubiak, however, have not yet been served. Boncompagni moved for an extension of time in which to serve these two defendants and also requested that the U.S. Marshals Service effectuate service. I granted Boncompagni's extension request on the record. As to her request for service by the Marshals Service, pursuant to Fed. R. Civ. P. 4(c)(3), at the plaintiff's request, the Court may order that service be made by a U.S. marshal or deputy marshal. Boncompagni's request for service by the Marshals Service is granted.

The U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants Fisher and Kubiak. Boncompagni is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a)(1)(A) & (b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. § 0.114(a)(2). Congress has made no provision for these fees to be waived either by the Court or by the U.S. Marshals Service.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 4th day of September, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge