**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**NATASHA FS BONCOMPAGNI,**

**Plaintiff,**

**v.** **Case No. 26-CV-1027**

**VILLAGE OF ELM GROVE, et al.,**

**Defendants.**

---

## ORDER

---

Plaintiff Natasha FS Boncompagni moves for an extension of time to file the Summons Form AO 440 and serve the summons and complaint upon defendants Village of Elm Grove, Samuel Fisher, Hannah Martin, Ryan Unger, and Jason Kubiak. (Docket # 45.) Boncompagni's concerns regarding service were addressed in both a written order dated September 4, 2026 (Docket # 36), and orally on the record on November 12, 2026 (Docket # 46). As stated in the September 4, 2026, Order, the Village of Elm Grove, Martin, Lenardic, and Unger were served with the complaint on June 24, 2026, June 25, 2026, June 24, 2026, and June 25, 2026, respectively. (Docket # 9; Docket # 10; Docket # 11; Docket # 12.) Boncompagni, through her previous counsel, filed declarations of personal service confirming the same. (*Id.*) The defendants never challenged the sufficiency of service as to these defendants.

However, as to defendants Fisher and Kubiak, the defendants initially asserted lack of personal jurisdiction, insufficient service of process, and insufficient process as affirmative defenses. (Docket # 7 at 12, ¶ 10.) The September 4, 2026, Order ordered the U.S. Marshals

Service to serve a copy of the complaint, a waiver of service form, and/or the summons upon Fisher and Kubiak. (Docket # 36.) Subsequently, Counsel filed waivers of service on both defendants' behalf on September 11, 2026. (Docket # 38; Docket # 39.)

Despite executing and filing these waivers of service, Boncompagni continues to request additional time in which to serve these two defendants. (Docket # 45.) A waiver of service, however, *waives* the need to file a Form AO 440 (Summons in a Civil Action). *See* Fed. R. Civ. P. 4(d). The waiver form specifically provides that if a "waiver is signed and returned" one "cannot object to the absence of a summons or of service." (*See* Docket # 38; Docket # 39.) Furthermore, counsel for Fisher and Kubiak represented on the record during the November 12, 2026, hearing that they are no longer objecting to service of process as to these defendants. While Boncompagni seems to believe that defendants' counsel must enter an "unqualified Notice of Appearance" or otherwise withdraw their prior notices challenging service of process (Docket # 45 at 4), this is unnecessary.

All defendants have been properly served and counsel for defendants have represented that they are no longer challenging service of process. No additional and/or corrected documents need to be filed memorializing this point. Boncompagni's motion (Docket # 45) is denied.

Boncompagni further requested a 60-day continuance of proceedings in this case to obtain counsel. (Docket # 44.) For the reasons stated on the record during the November 12, 2026, hearing, this motion is denied. As explained on the record, Boncompagni has the right to continue to attempt to obtain counsel and if counsel is retained and wishes to modify the schedule, counsel can file such motion after filing their Notice of Appearance.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 16th day of November, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge